**In re Kenneth C. GRANGER, Debtor.**

**Bankruptcy No. 2–80–02356.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

Aug. 28, 1980.

Mitchel D. Cohen, Columbus, Ohio, for debtor.

Frank M. Pees, Worthington, Ohio, Trustee (Chapter 13).

---

1. The fixing of a lien constitutes a "transfer." 11 U.S.C. § 101(40).

2. *See* 11 U.S.C. § 522(e).

## ORDER DENYING CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of the Chapter 13 plan proposed by Kenneth Granger. The terms of the plan call for payment of $140.00 on a bi–weekly basis to the Chapter 13 trustee for a period of thirty–six (36) months, payment of secured creditors in full to the value of their security, and payment of a 20% dividend to unsecured creditors.

 The major obligation of Granger was incurred in July of 1979 for the purchase of a 1979 Lincoln Town Sedan. According to the documents attached to the proof of claim of Bank One, the financial institution who financed the purchase, the cash price for the vehicle was $13,681.30, payments to be made at the rate of $324.17 per month for forty–eight (48) consecutive months, and a total deferred payment price of $18,271.60. The present balance owed on this obligation is $11,153.44 after appropriate credit for unearned finance charges. The debtor testified at the confirmation hearing that at the time of this purchase he was the owner of two vehicles, both free and clear, which were traded in at the time of the purchase of the 1979 Lincoln. It is quite apparent that in the year subsequent to purchase this debtor has had substantial difficulty in maintaining payments on his imprudent purchase and seeks the protection of this Court in order to retain its use during the pendency of this Chapter 13 plan. The cash price of the 1979 Lincoln exceeded this debtor's entire gross income for all of calendar year 1979, and his monthly payment obligation of $324.17 represents an almost 40% share of the debtor's monthly take–home pay from his occupation as a bus driver for the Columbus Board of Education. These factors are cited by the Court to indicate the disproportionate use of this debtor's resources toward the payment of this automobile. The Court also notes the debtor has no dependents.

In this Court's view, the proper use of a Chapter 13 proceeding mandates a fair allocation of resources towards the repayment of all creditors. The determination of the good faith test set forth in § 1325(a)(3) of the Bankruptcy Code must be made on a case by case basis in light of the facts and circumstances before the Court. In the present case the Court does not believe that Granger has in good faith invoked the Chapter 13 remedy. The obvious object of his plan is to retain the use and enjoyment of an improvidently purchased and unnecessary asset while unsecured creditors receive a disproportionately low dividend over the three year period the plan is pending. The Court finds, thus, that this plan was not proposed in good faith by this debtor and thus confirmation of the plan is hereby denied.

IT IS SO ORDERED.