**In the Matter of Philip Eugene KOERPERICH, Debtor.**

**BENKELMAN COOPERATIVE EQUITY EXCHANGE and Clinton J. Livingston, Plaintiffs,**

**v.**

**Philip Eugene KOERPERICH, Having Done Business as McCook Livestock Services, Inc., and L & K Trucking, Defendants.**

**Bankruptcy No. 80–317.**

United States Bankruptcy Court, D. Nebraska.

Sept. 8, 1980.

Daylene Bennett, McCook, Neb., and Michael G. Helms, Omaha, Neb., for plaintiffs.

John D. Sykora, Omaha, Neb., for defendants.

## MEMORANDUM OPINION

DAVID L. CRAWFORD, Bankruptcy Judge.

Plaintiffs object to the confirmation of defendant's Chapter 13 Plan. The plan proposes to make no payments to unsecured creditors. Plaintiffs are the only unsecured creditors, and they hold claims scheduled at $41,468.48. These claims were held to be nondischargeable debts in a bankruptcy proceeding under the Old Act by a default judgment. Appeal of a denial of a motion to set aside the default judgment is presently pending in United States District Court.

■ Defendants have moved to strike the objection on the grounds that plaintiffs are not parties in interest as required by 11 U.S.C. § 1324. The argument that unsecured creditors are without standing to object to a Chapter 13 Plan is without merit as unsecured creditors clearly have interests which are even more likely to be affected by a Chapter 13 Plan than those of other creditors. Plaintiffs presently possess nondischargeable debts which will be discharged without payment if the plan is confirmed and are parties in interest under any definition of the term.

Plaintiffs have objected to the confirmation of the plan on four grounds. I find that the defendant has properly claimed his exemptions and has regular income, and the second and third objections are overruled. Plaintiffs also state that the old Bankruptcy Act should apply in this case rather than the Bankruptcy Reform Act of 1978 (Code) and that the plan is not filed in good faith.

■ Plaintiffs argue that this case should be construed under the old Act because it is a "matter . . . relating to" a case commenced under the Act. See Bankr.Code § 403(a). The relevant statute states: "A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted . . . ." Bankr. Code § 403(a). If the default judgment were set aside on appeal and trial were had, the determination of the dischargeability of the debt in that proceeding would certainly be a matter related to a pre–Code case. However, this plan has been filed pursuant to an entirely separate proceeding commenced under the new Code, and the new law applies even though the case involves a debt determined to be nondischargeable under the old Act. See *In re ABC Transit, Inc.*, Unpublished Memorandum Opinion, Civ. No. 78–0–187 (D.Neb. Oct. 22, 1978) (Denney, D. J.); *In re Macon Uplands Venture*, 2 B.R. 444, 5 Bcy.Ct.Dec. 1082, 1086 (D.Md.1980).

The gist of the good faith argument is that defendant's sole purpose in filing the Chapter 13 proceeding is to discharge a debt previously determined to be nondischargeable. An examination of the debtor's debt structure indicates that this is the case, as the debts at issue are the only ones which will be dealt with or affected by the plan.

■ I have previously held that zero–payment plans do not violate the good faith requirements of § 1325(a)(3) of the Code. *In re Harland*, 3 B.R. 597, 6 Bcy.Ct.Dec. 235 (D.Neb.1980). Section 1328(a) of the Code provides for discharge of all debts except alimony and child support for debtors who have completed all payments under their plans. A debtor who files a zero–payment plan has completed the "payments under the plan" and is accordingly eligible for the § 1328(a) discharge unless the filing of such a plan violates one or more of the requirements of § 1325(a) of the Code.

■ One court has held that plans proposing less than full payment of the present value of debts which would be nondischargeable in a Chapter 7 proceeding violate § 1325(a)(4), under which a plan may not be confirmed unless:

". . . the value, as of the effective date of the plan, of property to be distributed under the plan on account of [cash] allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date. . . ."

*In re McMinn*, 4 B.R. 150, 6 Bcy.Ct.Dec. 297 (D.Kan.1980). The rationale of this position is that the holder of a debt which would pass through a Chapter 7 proceeding without being discharged should receive the equivalent value of such a debt under a Chapter 13 Plan. *Id.*, 4 B.R. 150, at 298–99. As § 1325(a)(4) speaks specifically of "the amount that would be *paid*" if the estate were liquidated and even the holder of a nondischargeable debt would be paid nothing, I reject this position and hold that a zero plan affecting a debt nondischargeable under Chapter 7 meets the requirements of § 1325(a)(4) of the Code.

Other courts have refused to confirm such plans on the basis of § 1325(a)(3) which requires that the plan be filed in good faith. *In re Murallo,* 6 Bcy.Ct.Dec. 478 (D.Conn. 1980); *In re Cole,* 6 Bcy.Ct.Dec. 216, 3 B.R. 346 (S.D.W.Va.1980); *In re Marlow,* 6 Bcy. Ct.Dec. 77, 3 B.R. 305 (N.D.Ill.1980). These courts begin with the assumption that a good faith Chapter 13 Plan must show some meaningful attempt to pay creditors. Where a nondischargeable debt is or may be involved, these courts require a greater effort or a higher level of payment. As I have already held that good faith cannot be equated with a minimum payment requirement, I reject this line of cases.

There is a latent assumption in many of the opinions which I have examined that the desire of debtors to go through bankruptcy proceedings on the most favorable terms permissible under the Code is in itself an act of bad faith and that where the debtor has potentially nondischargeable debts, the presumption of bad faith strengthens. I reject this assumption and will not find a debtor to be in bad faith for doing what he is legally permitted to do. Section 1328(a) specifically allows a debtor to discharge debts which could not be discharged in a Chapter 7 proceeding; the more general good faith requirement cannot be used to amend § 1328(a) to suit the tastes of creditors or courts. See *In re Jenkins,* 4 B.R. 278, 6 Bcy.Ct.Dec. 378 (D.Colo.1980).