**In re William Harold BRECKENRIDGE, Shelia Rae Breckenridge, Debtors.**

**Bankruptcy No. 2–80–03823.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Dec. 24, 1980.

Lee C. Mittman, Columbus, Ohio, for debtors.

Les Swinford, Jr., Columbus, Ohio, for Avco.

Frank Pees, Worthington, Ohio, trustee.

## ORDER ON CONFIRMATION OF PLAN

R. J. SIDMAN, Bankruptcy Judge.

At the hearing held by the Court on confirmation of the jointly proposed Chapter 13 plan of William and Shelia Breckenridge, husband and wife, Avco Financial Services Loan, Inc. and Avco Financial Services of Ohio, Inc. ("Avco") filed an objection to confirmation of the plan. The objection was premised on the alleged failure of the debtors to propose their Chapter 13 plan in good faith as required by § 1325(a)(3) of the Bankruptcy Code. The Court makes the following findings.

William Breckenridge filed a bankruptcy petition in this Court in November, 1977, under the auspices of the Bankruptcy Act of 1898. He received a discharge in bankruptcy in February of 1978. The Chapter 13 statement of these debtors reveals total debt, exclusive of the first mortgage on their residential real estate, of approximately $13,400.00. Included in the debt structure is an obligation to Ford Motor Credit Corporation on a 1980 Mercury Marquis purchased in March of 1980 for a cash price of $7,244.00. The total of payments under the installment contract signed by the debtors is $10,724.16, payable at the rate of $223.42 per month for 48 months. The debtors also own two other motor vehicles, a 1978 Ford and a 1973 Volkswagen. The debtors' plan proposes payments of $96.00 bi-weekly to the Chapter 13 trustee, for a period of 36 months, payment of holders of secured claims in full, and payment of a 10% dividend to unsecured claimants. Of the $7,524.00 to be paid by the debtors to the Chapter 13 trustee, only $795.00 is earmarked for the payment of unsecured claims. The balance is to be distributed to the holders of secured claims and payment of the 10% trustee fee authorized by § 1302(e)(1)(B) of the Bankruptcy Code.

Included in the budget of the debtors is a line item called "church tithe" which represents the debtors' commitment to making a $150.00 monthly payment to their church during the life of this plan.

The interpretation of the "good faith" requirement of § 1325(a)(3) of the Bankruptcy Code has been the subject of much litigation in the past year. The decisions reached by various bankruptcy courts across the country are far from unanimous or consistent. See, for example, *In re Desimone*, 6 B.R. 89, 6 B.C.D. 861 (Bkrtcy.S.D.N.Y., 1980); *Benkelman Cooperative Equity Exchange v. Koerperich (In re Koerperich )*, 5 B.R. 752, 6 B.C.D. 970 (Bkrtcy.D.Neb., 1980); and *In re Cook*, 3 B.R. 480, 6 B.C.D. 219 (Bkrtcy.S.D.W.Va., 1980). This Court has not set any absolute standard that must

be met in order to satisfy the good faith requirement, but rather has taken a case-by-case approach in determining whether or not Chapter 13 debtors meet this statutory test. Relevant to the inquiry as to the satisfaction of that test are the terms of the Chapter 13 plan, including the dividend offered to creditors, whether the plan represents a sincerely intended commitment to pay back creditors, and whether the financial status of the debtors justifies the special protection offered by the provisions of Chapter 13. This Court, as the Court in *In re Cook, supra,* takes a "sliding scale" approach to the good faith requirement and judges compliance with the requirement based upon the overall picture presented by the debtors' Chapter 13 statement and plan.

This approach, as applied in this case, leads this Court to the conclusion that the presently proposed Chapter 13 plan of William and Shelia Breckenridge has not been proposed in good faith. The reasonably recent prior bankruptcy of Mr. Breckenridge, combined with the low percentage dividend to unsecured claimants, retention of imprudently purchased assets, and the devotion of a significant portion of the debtors' income to the payment of an entirely discretionary expenditure, a church tithe, lead this Court to conclude that the debtors had not proposed their plan in good faith. For example, if the church tithe monies were devoted to repayment of creditors, the debtors could propose a Chapter 13 plan of well over 70%. Church tithes, per se, are certainly not held in disfavor by this Court. However, in light of the severe financial difficulties of these debtors, it would appear prudent that they devote maximum resources under the plan to the repayment of their obligations, leaving a matter of tithing to their church to a time when they can better afford such a financial commitment.

Based upon the foregoing, the Court hereby determines that the objection to confirmation filed by Avco on the grounds of lack of good faith is meritorious and it is hereby granted. Confirmation of the presently proposed Chapter 13 plan of these debtors is hereby denied. The debtors shall

have ten (10) days from the date of this Order to take such appropriate other action in this case as may be in their best interests.

IT IS SO ORDERED.