**In re Douglas S. WALKER, Jr., Pearl Lee Walker, Debtors.**

**Bankruptcy No. 81–01641–R.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

May 12, 1982.

---

James R. Sheeran, Richmond, Va., for debtors.

## MEMORANDUM OPINION AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by Douglas S. Walker, Jr. and Pearl Lee Walker (Walkers), the Debtors herein, of a motion for a new hearing on confirmation of their modified Chapter 13 plan. The Walkers' original Chapter 13 plan provided that the Debtors would pay to the United States Bankruptcy Trustee the sum of $240.00 per month and that they would pay into the plan the sum of $9,002.00 over a period of three years. The plan provided for the payment of 39% of the unsecured claims of the estate in total sum of $7,768.52 with payment of $2,990.88 to unsecured creditors. On December 21, 1981 this Court entered an order confirming that plan.

On April 8, 1982 the Walkers filed a modified Chapter 13 plan with this Court. The Debtors sought to modify their original Chapter 13 plan because Douglas Walker is unemployed having been laid off after the original plan was confirmed. In their modified plan the Debtors proposed they would pay the Trustee the sum of $170.70 each month for 36 months. Unsecured creditors would have been paid $776.85 in this plan which is 10% of the unsecured claims of the estate. The Debtors proposed to pay $6,145.20 over the life of the modified plan. After Douglas Walker was laid off and before filing the modified plan the Walkers sold their house.[1]

Both plans provided that the Debtors would retain possession of their automobiles. The original plan noted the Debtors owed United Virginia Bank $3,926.07 based on a purchase money security interest in a 1977 Honda automobile. The plan represented the Honda had a present fair market value of $2,500.00 and it provided that United Virginia Bank would be paid $104.17 per month in the plan's first 24 months and that the balance would be treated as an unsecured indebtedness. The original plan also provided that Ford Motor Credit Company, which was due $2,309.58 on a 1977 Ford having a present fair market value of $2,500.00, would be paid $96.23 per month during the first 24 months of the plan. The modified plan provided that the Debtors would retain possession of those automobiles and would pay United Virginia Bank $69.45 per month for 36 months and Ford Motor Credit Company $64.16 per month for 36 months.

---

1. The Trustee questioned whether a debtor has the right to dispose of real estate after confirmation of the Chapter 13 plan. Upon confirmation title to the property of the estate vests in the debtors. 11 U.S.C. § 1327(c). The Debtors had an unrestricted right to dispose of the real estate. The Debtors' reasons for disposing of the property and the manner of the disposition of any equity proceeds is not in evidence before the Court.

This Court found at the confirmation hearing that the modified plan was not filed in good faith as required by 11 U.S.C. § 1325(a)(3).[2] The modified plan provided the unsecured creditors would receive $776.85 over the life of the plan while the creditors secured by the automobiles would receive $4,809.96.

In determining whether a plan has been proposed in good faith the Court uses a flexible approach in determining what is equitable. *See In re Manning*, 5 B.R. 387, 388 (Bkrtcy.W.D.N.Y.1980). One factor in that determination is whether the debtors provide for fair allocation of resources towards repayment of their creditors. *In re Granger*, 7 B.R. 14, 15 (Bkrtcy.S.D.Ohio 1980). In properly allocating those resources, the debtors may not unfairly discriminate against the unsecured class of claims. *In re Davidson*, 10 B.R. 374, 376 (Bkrtcy.W.D.Mich.1981).[3] The Walkers discriminated against their unsecured creditors in their modified Chapter 13 plan by providing an insignificant payment to their unsecured creditors while retaining their two automobiles and paying a substantial sum to the creditors secured thereby. *See In re Perry*, 12 B.R. 693 (Bkrtcy.E.D.Va.1981); *In re Breckenridge*, 12 B.R. 159 (Bkrtcy.S.D. Ohio 1980).

The Debtors propose to reduce their monthly payments to the Chapter 13 Trustee by $69.30. The Debtors propose to pay United Virginia Bank and Ford Motor Credit Company $69.45 and $64.16 per month, respectively. By disposing of one of the automobiles the Debtors would be able to provide approximately the same percentage of payment to the unsecured creditors they proposed they would provide under the original plan.

The Trustee argues that the Debtors' proposed 10% payment to unsecured creditors is not meaningful. In the context of this plan, this Court concurs that the proposed payment is not meaningful and that the Debtors' modified Chapter 13 plan does not evidence good faith. By retaining both automobiles, the Debtors will be able to effectively build up equity in these assets to the detriment of their unsecured creditors. Although a difference in the amounts offered to different classes is not unfair discrimination by itself, if the unsecured creditors are not to receive meaningful payments the discrimination is unfair and violates 11 U.S.C. § 1322(b)(1). Therefore, it is

ORDERED that the Debtors' motion seeking a new hearing on confirmation of their modified Chapter 13 plan filed with this Court on April 8, 1982 be, and is hereby DENIED.

---

2. The Debtors argue in their motion that the Court erroneously denied confirmation of their modified Chapter 13 plan because it denied confirmation on the ground that the Debtors failed to show two automobiles were necessary for an effective reorganization. The Debtors contend that whether property is necessary to an effective reorganization is not an inquiry under §§ 1322, 1325. This was not the basis for the Court's ruling. The Court based its ruling on the Debtors' lack of good faith.

3. 11 U.S.C. § 1322(b)(1) provides "[s]ubject to subsections (a) and (c) of this section, the plan may ... designate a claim or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated ...."