**In re Bobby Carlton DAVIS and Bobbie Jo Davis, a/k/a Bobbie Jo Weeks, Debtors.**

**Bankruptcy No. 82–01180A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 30, 1982.

David T. Emerson, Tinsley & Emerson, Douglasville, Ga., for The Commercial Bank.

William M. Davidson, Travis & Davidson, Atlanta, Ga., for debtor.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the objection to confirmation of the debtors' Chapter 13 plan filed by The Commercial Bank, Douglasville, Georgia. The Commercial Bank has set forth several reasons why the debtors' plan cannot be confirmed. The Court will address the objection based on the plan's failure to comply with § 1325(a)(1), which incorporates the provisions of § 1322(a)(2).

11 U.S.C. § 1322(a)(2) provides that a Chapter 13 plan shall

"provide for the full payment, in deferred cash payments of all claims entitled to priority under § 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim ..."

11 U.S.C. § 507(a)(6) includes in its enumeration of priority claims

"... allowed unsecured claims of governmental units, to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition ..."

The priority status of these tax claims are subject to certain time restrictions. Section 507(a)(6) continues and includes property taxes assessed within one year before the date of the filing of the petition as priority claims.

The law is clear concerning whether a tax claim which would receive priority under § 507 of the Bankruptcy Code can be composed in a Chapter 13 proceeding in the absence of consent by the holder of that claim. A claim of this type cannot be composed. One of the most respected treatises in the field of bankruptcy law states regarding this issue that:

"No composition of such debts [priority claims] is permitted without the agreement of the holder of the allowed claim."

5 *Collier on Bankruptcy* ¶ 1322.01[2][b] p. 1322–5 (15th ed.).

*Collier* continues to discuss the relationship between § 1322(a)(2) and § 1328(a) of the Bankruptcy Code. 11 U.S.C. § 1328(a) provides the statutory authority for the so-called super discharge available to debtors in Chapter 13 proceedings. *Collier* notes that in the absence of the requirements of § 1322(a)(2), priority tax claims would be dischargeable under § 1328(a) in a composition case. In view of the clear language of this statute and the commentary cited above, this Court cannot find that the term "in full", as used in § 1322(a)(2) of the Bankruptcy Code, means payment to the extent proposed in a plan, since said payment could be at some rate less than 100% in the instance where there is a composition plan.

In the instant case, the debtors' plan does not meet the requirements for confirmation as set forth in 11 U.S.C. § 1325. Therefore, the debtors' plan as proposed is not confirmed.

IT IS SO ORDERED.