**In re Douglas A. (Alan) JEWELL, Sr., Virginia M. (Mae) Jewell, Debtors.**

**Bankruptcy No. 2–86–03657.**

United States Bankruptcy Court, S.D. Ohio, E.D.

March 31, 1987.

---

Stephen E. Schafer, Columbus, Ohio, for debtors.

Arthur G. Wesner, Columbus, Ohio, for Remco, Inc.

Frank M. Pees, Worthington, Ohio, trustee.

## ORDER DENYING CONFIRMATION

B.J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the requested confirmation of the Chapter 13 plan proposed by debtors Douglas and Virginia Jewell, and upon this Court's independent obligation to find that all requirements for confirmation have been met, as set forth in § 1325(a) of Title 11 United States Code.

The debtors' plan, as proposed, calls for payments of $65.77 per week, payment in full of allowed secured and priority unsecured claims, and a payment of $1 to each holder of an allowed general unsecured claim. The plan is projected to require a period of approximately thirty-six (36) months for completion.

At the hearing on confirmation, the Chapter 13 trustee stated that he could not recommend confirmation of this plan as one proposed within the spirit of Chapter 13 or as filed in good faith. The debtors' response to those assertions was that creditors of these debtors would not receive any distribution if this case had proceeded as a Chapter 7 liquidation and that no timely objections to confirmation had been filed. In that connection, the Court notes that, on December 8, 1986, Remco, Inc. filed a Motion to Exclude Creditor, For Relief From Stay and Objection to Confirmation. That motion, however, which was withdrawn on March 3, 1987, was not timely under the terms of this Court's order of October 2, 1986, and therefore, was not considered as an objection to confirmation. The trustee's concerns, while orally entered into the record, were not formally asserted as objections pursuant to Rule 3020(b).

██ Despite the lack of formal objections, this Court believes it has an independent duty to determine that all tests for confirmation of a Chapter 13 plan have been met. *In the Matter of Hale*, 65 B.R. 893 (Bankr.S.D.Ga.1986). While that responsibility may presume certain minimal conformities with the statutory requirements unless specific deficiencies are brought to the Court's attention, the assumption that a plan has been proposed in good faith and is consistent in all other respects with the requirements of Title 11, as required by 11 U.S.C. § 1325(a)(1) and (a)(3), may be placed at issue by the Court's own observations regarding the debtors' income, the nature of their projected expenditures and property sought to be retained, the type of obligations for which the Chapter 13 "superdischarge" is sought, and the particular repayment terms of the plan. Specifically, in this case, the Court must determine if a $1 payment to each holder of an allowed unsecured claim is an appropriate good-faith invocation of the Chapter 13 remedy and is treatment which complies with other applicable provisions of Title 11.

Any statute, no matter how well-drafted, must accommodate the flexibility required to permit judicial control of a litigant's attempts to abuse the underlying purpose and spirit of its express terms. Especially in situations where economic realities do not justify substantial expenditures by parties in interest, such control is necessary to compensate for the impreciseness of language and the creativity of counsel which otherwise could undermine the system and reduce the credibility of the remedy. 11 U.S.C. § 105(a). This Court believes that the exercise of such control is appropriate in this case.

Examination of a proposed plan to ascertain its good faith, or in the alternative, to insure that it complies with both the express and the tacit requirements of the Bankruptcy Code, involves a balancing of many factors and a case by case approach. Among the factors to be reviewed are "the terms of the Chapter 13 plan including the dividend offered to creditors, whether the

plan represents a sincerely intended commitment to pay back creditors, and whether the financial status of the debtors justifies the special protection offered by the provisions of Chapter 13." *In re Breckenridge*, 12 B.R. 159, 160 (Bankr.S.D.Ohio 1980). Consideration of the debtors' pre-petition conduct may also be relevant. *Memphis Bank & Trust Co. v. Whitman (In re Whitman)*, 692 F.2d 427 (6th Cir.1982).

■ Offering repayment to creditors greater than they would receive through distributions under the provisions of Chapter 7, without more, however, does not give rise to a presumption that the plan was filed in good faith or otherwise complies with the Bankruptcy Code. Nor does a proposal to pay a small dividend compel a finding that the plan was filed in bad faith or fails to comport with the statute. *In re Davis*, 68 B.R. 205 (Bankr.S.D.Ohio 1986). The low dividend, however, subjects the plan provisions to greater scrutiny on those issues. *U.S. v. Estus*, 695 F.2d 311 (8th Cir.1982).

Examination of the bankruptcy schedules and financial information filed by Mr. and Mrs. Jewell does not reveal conduct egregious on its face, an outrageous life style, or significant obligations which facially imply issues of nondischargeability were this a Chapter 7 case. The debtors' joint monthly take-home income of $1662.57 must support two adults and one 11 year-old child. Although these debtors' proposed expenditures on a monthly basis are not grandiose or extravagant, however, their proposed needs for a family of three include considerable flexibility and cushion in the areas of food, clothing and transportation. Furthermore, even though both debtors are employed at the same location, their plan proposes retention of two automobiles, one of which is a relatively recent model purchased approximately one year prior to the bankruptcy filings for a price in excess of $13,000. Given the minimal extent of the other two secured claims, aggregating $500 by the debtors' valuations, and the absence of any scheduled priority unsecured obligations other than the debtors' attorney's fee in the amount of $650, payments in this plan essentially are being applied to redeem the recent model vehicle over a period of 36 months.

■ This Court finds, on balance, that payment of that meaningless dividend with the attendant administrative costs for the purpose of retaining a vehicle does not exhibit "sincerely intended commitment to pay back creditors" consistent with the purpose of the Chapter 13 remedy. *Breckenridge*, 12 B.R. at 160. Therefore, the plan fails the tests for confirmation in 11 U.S.C. § 1325(a)(1) and § 1325(a)(3).

■ Alternatively, and just as importantly, the Court finds that the debtors' designation of nonpriority unsecured claimants as a class in which each member receives $1, regardless of the amount owed, violates the mandatory requirement of 11 U.S.C. § 1322(a)(3) that "the plan shall, if the plan classifies claims, provide the same treatment for each claim within a particular class." That violation causes the plan to be nonconfirmable for failure to meet the express test of § 1325(a)(1). While the debtors' proposed treatment superficially appears to be the same for each claimant, the per capita distribution proposed for each member of the class does not provide equal or consistent treatment for each claim within that particular class. Nor is such treatment within the exception to that requirement which is permitted for an administrative convenience class pursuant to 11 U.S.C. § 1122(b) and § 1322(b)(1). The amounts of the debtors' scheduled unsecured claims range from $18.35 to $5735.36. Expressed in percentage terms, the variance in proposed repayment ranges from approximately .017% to 5%. Such wide fluctuation does not and cannot provide "the same treatment for each claim within a particular class."

Based upon the foregoing, the Court finds that the plan proposed by Douglas and Virginia Jewell fails to meet the tests for confirmation set forth in 11 U.S.C. § 1325(a)(1) and § 1325(a)(3). Accordingly, confirmation of the debtors' plan shall be, and the same is, hereby, DENIED.

The debtors shall have twenty (20) days from the entry of this order to take such

other action as may be appropriate in this proceeding. If no timely action is taken, this case will be dismissed without further notice to creditors.

IT IS SO ORDERED.