**In re David Richard RAMSKI, Debtor.**

**Bankruptcy No. 89–01396–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

July 21, 1989.
Reconsideration Denied Sept. 14, 1989.

Robert L. Roth, Miami, Fla., trustee.

Brad Culverhouse, Ft. Pierce, Fla., for debtor.

---

1. The petition (CP 1) is filed by only one debtor, although he is married (CP 4) and, presumably,

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

THOMAS C. BRITTON, Chief Judge.

A confirmation hearing was held June 21 on this debtor's[1] chapter 13 plan. The matter was taken under advisement and, regrettably, its consideration has been delayed to this date, because of the press of other matters pending and calendared before me. To mention just one category, an average of eleven chapter 11 corporate reorganizations are assigned to me each month, and chapter 11 cases comprise less than 6% of this court's current workload.

For the reasons which follow, I now conclude that the plan should be denied confirmation, and that the case should be dismissed.

### Plan Not Proposed in Good Faith

■ Ramski is an engineer. He obtained a chapter 7 bankruptcy discharge during June 1988 in Gainesville, nine months before filing this petition. (CP 4 at 5). His average monthly income last year was $2,498 (CP 4 at 2). His monthly expenses are $1,242 including the purchase of a truck (CP 4 at 3). His plan, however, proposes to devote only 40% of the difference between his last year's income and his estimated expenses to his plan ($506 a month) and only $460 a month (net after administrative expense) to his debts (CP 2 at 2).

The plan proposes payment for only three creditors. The IRS is owed $20,743, 99% of the total debt. The obvious purpose of the plan is to deprive the Government of all its statutory means of revenue collection, by promising delayed payment of the tax liability without interest and without a reasonable best effort to meet his obligations, and after the debtor paid his attorney $2,090 to file this bankruptcy.

The foregoing circumstances convince me that this plan has not been proposed in good faith and should, therefore, be denied confirmation under § 1325(a)(3).

his estimated expenses (CP 4 at 3) include those of his wife.

*Priority Tax Claim*

The debtor owes $18,390 to the IRS as a § 507 priority tax claim (CP 4 at 7). The plan *must:*

> "provide for the full payment, in deferred cash payments of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." § 1322(a)(2).

The plan proposes payment of the priority debt over a period of more than three years. ($18,391/$460=40 months)

However;

> "The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years." § 1322(c).

No cause has been offered for the requested extension, and I find no cause to extend the payment of the priority tax claim (88% of the total debt treated by the plan).

This plan does not comply with the foregoing provisions of chapter 13. Confirmation must also, therefore, must be denied under § 1325(a)(1).

*Dismissal*

This case is dismissed under § 1307(c)(5). Dismissal is with prejudice to the filing of any bankruptcy petition by this debtor earlier than a year after this Order becomes final.

DONE and ORDERED.