**In re Arthur Joseph NORTHRUP and Gwen Anne Northrup, Debtors.**

No. C 91–0143.

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Nov. 12, 1991.

Mark J. McCool, Cedar Rapids, Iowa, for debtors Arthur Joseph Northrup and Gwen Anne Northrup.

Tracy A. Anagnost, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

Carol Dunbar, Waterloo, Iowa, for Chapter 13 Trustee.

Dale T. Baker, Appeals Section, Technical Services Div., Dept. of Revenue and Finance, Des Moines, Iowa, for Iowa Dept. of Revenue and Finance.

HANSEN, District Judge.

This matter is before the court on appellants/debtors' appeal of an order of the bankruptcy court,[1] entered February 11, 1991, which denied confirmation of the debtors' proposed Chapter 13 plan. Appellees Iowa Department of Revenue and Finance (IDRF) and United States of America, Internal Revenue Service (IRS) resist appellants' appeal and urge the court to affirm the bankruptcy court's decision. Both sides have filed briefs outlining their arguments.

The facts of this matter are undisputed. On September 19, 1990, debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code, along with the required statements, schedules, and a proposed Chapter 13 plan. On Schedule A–1 ("Creditors Having Priority"), debtors listed debts of $5,956.84 to the IRS and $4,313.48 to the IDRF. These creditors have priority pursuant to 11 U.S.C. § 507(a)(7). The IRS subsequently filed a proof of claim in the amount of $6,490.50. The IDRF subsequently filed a proof of claim in the amount of $5,977.41. Debtors filed no objections to those proofs of claim. On September 28, 1990, the clerk of the bankruptcy court sent a scheduling order to all creditors. That order provided in part:

> A hearing on confirmation of the plan will be held if written objections to confirmation of the plan are filed, in writing, with the clerk of this court and served upon the trustee and the debtor's ·[sic]

1. The Honorable Michael J. Melloy, Chief United States Bankruptcy Judge.

attorney on or before November 26, 1990.

Order for meeting of creditors, dated September 28, 1990. The trustee objected to the plan. The trustee's objection was later withdrawn. No other creditor filed a written objection to the debtors' proposed plan. A hearing was held on confirmation of the plan on February 8, 1991. Appearing were counsel for debtors and the Chapter 13 trustee. At that hearing, the bankruptcy court expressed its view that the plan was inadequate in that it did not pay the priority claims in full, and the bankruptcy court discussed that issue with the trustee and counsel for the debtors.

The order appealed from denied confirmation of the plan on the basis that it did not pay the priority claims in full. The bankruptcy court allowed debtors an opportunity to file an amended plan or to object to the proofs of claim filed by the IRS and the IDRF.

Title 11, United States Code § 1322(a)(2), provides that a Chapter 13 plan shall "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Debtors argue that a priority creditor must make a timely objection to a debtor's proposed Chapter 13 plan, and if no objection is made, the creditor should be deemed to have agreed to different treatment. Title 11 U.S.C. § 1325 sets forth the six requirements for confirmation of the plan. "Except as provided in subsection (b), the court shall confirm a plan if ... the plan complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1).

 As pointed out by the IRS, a bankruptcy court has an independent duty to review proposed Chapter 13 plans for compliance with Title 11. *See Matter of Chaffin*, 836 F.2d 215, 216 (5th Cir.1988) ("The court has the authority and duty to exam-

ine a plan even when no creditor has objected, but the absence of objection is a relevant consideration, for it may lend equity to the debtor's position or indicate that the creditor accepts the plan as honestly filed or believes it is all he will ever receive."); *In re Lawson*, 93 B.R. 979, 981 (Bankr. N.D.Ill.1988) (citing cases); *In re Jewell*, 75 B.R. 318, 319 (Bankr.S.D.Ohio 1987). The bankruptcy court exercised that duty and determined that the plan did not comply with 11 U.S.C. § 1322(a)(2), in that it did not provide for full payment of the priority claims.

Resolution of this matter turns on the interpretation of the word "agrees" in 11 U.S.C. § 1322(a)(2). Does the failure to file a written objection constitute agreement or is an affirmative act of acceptance of the plan required?

Appellee IDRF cites to several cases in support of its contention that an express agreement is required.[2] In *In re Ferguson*, 27 B.R. 672 (S.D.Ohio 1982), the court held that a Chapter 13 plan which proposed to pay sixty percent of the claims of the IRS and the Ohio Department of Taxation could not be confirmed, even though notice had been given, and no written objection had been made by the creditors. A similar conclusion was reached in *Matter of Epps*, 6 Bankr.Ct. Dec. (CRR) 379, 2 Collier Bankr.Cas.2d (MB) 97 (S.D.N.Y.1980) (also refusing to confirm plan over objections of two secured creditors). *See also In re Ramski*, 102 B.R. 269 (Bankr.S.D.Fla.1989) (finding, apparently without objection by IRS, that plan should not be confirmed as its sole apparent purpose was to avoid tax liability). A contrary result was reached in *In re Hebert*, 61 B.R. 44 (Bankr.W.D.La. 1986). In *Hebert*, the court stated "this court believes that the IRS's failure to object to its treatment under the plan in this case constitutes 'agreement' to such treatment under Section 1322(a)(2)." *Id.* at 46–47. *See also In re Lindgren*, 85 B.R. 447, 449 (Bankr.N.D.Ohio 1988) (generally agreeing with *Hebert*). None of the above

---

**2.** One of those cases, *In re Davis*, 25 B.R. 177 (N.D.Ga.1982), is not on point. In *Davis*, the priority creditor filed a written objection to

confirmation of the debtors' proposed plan. The court held that it could not confirm the plan over that objection.

cases contain any extensive discussion of the reasons supporting the result.

The court must consider the structure of the bankruptcy code itself. Title 11, U.S.C. § 1324 provides that "[a]fter notice, the court shall hold a hearing on confirmation of the plan. A party in interest *may* object to confirmation of the plan." 11 U.S.C. § 1324 (emphasis added). As previously noted, the bankruptcy court has an independent duty to assure compliance with Title 11, even if no objection is lodged. There is no specific statutory provision providing that failure to object in and of itself constitutes a waiver of that objection. However, if the plan is confirmed, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

 The cases cited by debtors involve the application of this latter provision. *See, e.g., United States on Behalf of Internal Revenue Serv. v. Norton,* 717 F.2d 767, 774 (3d Cir.1983) (IRS, having failed to object after notice, is bound by plan after confirmation).[3] Essentially, 11 U.S.C. § 1327(a) provides that once the plan is confirmed, late objections may not be made. A creditor has a great incentive to object prior to confirmation of the plan in order to place the bankruptcy court on notice of any potential deficiencies in the plan. If the creditor does not object, the creditor runs the risk that the bankruptcy court will not discover the defect in the exercise of its independent review and will confirm the plan. In other words, failure to object prior to confirmation will operate as a waiver of the objection after confirmation.[4]

After having considered this matter, the court agrees with the bankruptcy court that an express affirmation of consent is required to meet the requirements of 11 U.S.C. § 1322(a)(2). This court believes that the structure of the bankruptcy code and the general meaning of the word "agrees" suggest express consent. For the future reference of the IRS and the IDRF, the court does note that the better procedure (in order to avoid disputes of this nature) is for a creditor with a priority claim to either specifically object to confirmation of a proposed plan which does not provide for full payment or file a written consent to less than full payment.

### ORDER

Accordingly, It Is Ordered:

The decision of the bankruptcy court entered February 11, 1991, is hereby affirmed.

Done and Ordered.

---

**3.** The court also notes that the plan in *Norton* provided for full payment of the IRS claim. The issue in *Norton* was whether the IRS could offset the debtors' current tax overpayment against the debt.

**4.** The court notes that a plan may, in some circumstances, be modified after confirmation. *See* 11 U.S.C. § 1329.