In the Matter of Evelyn G.
ESCOBEDO, Debtor.

Bankruptcy No. 87–10360.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Feb. 11, 1993.

David Peebles, Fort Wayne, IN, for debtor.

Donald Aikman, Fort Wayne, IN, for trustee.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

What do you do when a confirmed Chapter 13 plan won't do what it says it will do, or at least what it should say it will do?

Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on March 25, 1987. Her proposed plan was filed on April 13, 1987 and was eventually confirmed, on September 29, 1987, without objection. The plan provides for payments to the trustee of $25.00 a month, for a total of $900.00. Following confirmation, administrative claims and priority tax claims were allowed in the total sum of $24,158.29, an amount far in excess of debtor's total plan payments. As a result of this underfunding, the Trustee filed a motion to either modify the confirmed plan or dismiss the case. Debtor opposes the motion, arguing that confirmation is res judicata as to all issues that could have and should have been raised at the confirmation hearing and, since there has been no substantial change in the debtor's circumstances since the date of confirmation, modification is not possible.[1] Debtor opposes dismissal on much the same

---

1. It is apparent that debtor has neither the willingness nor the ability to perform a plan which would fully pay the allowed administrative and priority claims. Thus, modification, even if available, see 11 U.S.C. § 1329(c), would be a meaningless act. As a result, the court considers only the question of dismissal.

basis, arguing that the Trustee should not be able to accomplish through dismissal what res judicata precludes him from doing through modification.

The court is in complete agreement with counsel's statements concerning the res judicata effect of confirmation. *See In re Beard,* 112 B.R. 951, 954 (Bankr.N.D.Ind.1990). This does not, however, mean that we agree with the conclusion counsel draws from this principal—that the act of confirmation and its associated res judicata effect preclude the Trustee from seeking modification of the plan or dismissal of the case because the confirmed plan is insufficiently funded to do what a chapter 13 plan is supposed to accomplish. A plan may be modified following confirmation "[i]f a problem arises in the execution of the plan...." H.Rep. No. 595, 95th Cong.2d Sess. 125, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6086. *See In re Johnson,* 708 F.2d 865, 868 (2nd Cir.1983); *In re Evans,* 77 B.R. 457, 459 (D.E.D.Pa.1987); *In re Bereolos,* 126 B.R. 313, 326 (Bankr.N.D.Ind.1990). The fact that the debtor's confirmed plan is not sufficiently funded to pay the allowed priority claims constitutes such a problem.

■ One of the few mandatory requirements of a proposed chapter 13 plan is that it "provide for the *full* payment, in deferred cash payments, of all claims entitled to priority under section 507...." 11 U.S.C. § 1322(a)(2). (emphasis added). These claims include the allowed attorney fees of debtor's counsel, 11 U.S.C. §§ 507(a)(1), 503(b)(2), 330(a), and certain tax claims, 11 U.S.C. § 507(a)(7). Consequently, unless the holders of such priority claims affirmatively agree to accept something less than payment in full, a plan which does not propose to do so cannot be confirmed. 11 U.S.C. § 1325(a)(1). *See* 5 Collier on Bankruptcy, ¶ 1322.03 at 1322–6 (Matthew Bender 1992). *See also In re Northrup,* 141 B.R. 171 (D.N.D.Iowa 1991) (failure of parties holding priority claims to object to plan which provided for less than full payment does not act as an agreement to accept less than full payment); *In re Ferguson,* 134 B.R. 689, 696 (Bankr.S.D.Fla.1991) (confirmed plans must be modified to provide for full payment of priority tax claims).

■ A Chapter 13 plan must do more than simply provide for the full payment of priority claims—it must actually accomplish that goal. If it is not sufficiently funded to do so the plan must be modified to compensate for the underfunding; otherwise "cause" exists to convert or dismiss the case. 11 U.S.C. § 1307(c). *See Matter of Spohn,* 61 B.R. 264, 268 (Bankr.W.D.Wis.1986) (when planned payments are insufficient to meet plan's stated purpose of paying secured claim in full, plan must be amended or case will be dismissed). *See also In re White,* 126 B.R. 542, 547 (Bankr.N.D.Ill.1991) (failure to make payments to meet 65% return to unsecured creditors required by the plan is a material default and is cause for dismissal). This remains true even though the debtor may be current in the payments required by the confirmed plan. Thus, the debtor's obligation under a confirmed plan is really two fold. The debtor must make the plan payments required of it *and* those payments must be sufficient to do what the plan proposes.

■ Although the court is required to make a feasibility determination in connection with its ruling on confirmation, such a finding means only that the debtor will be able to make the payments the plan requires of it. *See* 11 U.S.C. § 1325(a)(6). The determination concerning the debtor's ability to comply with the plan does not necessarily mean that the debtor's ability to pay is sufficient to do what the plan requires. In other words the court's finding that the debtor has the ability to pay $25.00 per month to the Chapter 13 trustee, as in this case, does not translate itself into a finding that $25.00 per month is sufficient to pay the debtor's priority claims in full. A contrary conclusion would severely disrupt the Chapter 13 process, delay distributions to creditors, and breed additional litigation.

A Chapter 13 debtor is required to file its proposed plan within fifteen days of the petition for relief. Fed.R.Bankr.Proc. 3015(b). This is well before the deadline for filing claims expires, which may be as late as 130 days after the bankruptcy was filed. *See* Fed.R.Bankr.Proc. 3002(c) (proofs of claim

are to be filed within 90 days of the date of the § 341 meeting) and Fed.R.Bankr.Proc. 2003(a) (§ 341 meeting to be held 20 to 40 days after the order for relief). As a result, it is quite common to hold the confirmation hearing before creditors have filed their claims and before their opportunity to do so has passed.[2] Consequently, the court is frequently considering confirmation of a proposed plan long before it can accurately know the true extent of the claims that plan is going to pay.[3] See generally In re Minick, 63 B.R. 440, 442 (Bankr.D.D.C.1986), aff'd 831 F.2d 312 (D.C.Cir.1987).

There are only two ways to avoid the possibility that the claims as filed and allowed will not exceed the funds available to pay them and, thus, avoid the type of situation now before the court. Neither is satisfactory because both delay confirmation and generate potentially unnecessary hearings. One alternative, which is usually beyond the debtor's capabilities, would be for the proposed plan to specify the amount of the various claims the plan is going to pay. More often than not, however, the debtor does not have accurate information concerning claims available to it at the time it is required to prepare and file a plan. At best it may only have an approximate idea of what it may owe various creditors. Thus, when this avenue is attempted, experience has shown that the most common response is an objection to confirmation because the plan misstates either the amount of a particular creditor's claim or the payment required.[4] The result is that confirmation is delayed while the court schedules and holds proceedings on disputes that might never have existed had the plan been drafted less precisely

and the parties given the opportunity to consider the issue in greater leisure.

The other alternative is to delay confirmation until all claims have been filed and allowed.[5] This is equally unsatisfactory. Objections to claims, particularly tax claims, are often complex and time consuming; taking months and, in some cases years to resolve.

Until the plan is confirmed, the trustee cannot distribute the plan payments to creditors. 11 U.S.C. § 1326(a)(2). Thus, under either scenario, while the court is resolving disputes concerning claims or waiting to see if any such disputes develop, other creditors, whose claims are unchallenged and who are content with the proposed plan, go unpaid because their distributions are also dependant upon confirmation. Where these creditors hold secured claims, they are apt to grow understandably impatient with the delay and seek relief from the automatic stay. The only result (other than increasing attorney fees) is litigation which otherwise would have been completely unnecessary.

Despite the fact that a proposed Chapter 13 plan is required to fully pay all priority claims this debtor's plan does not specifically do so. The confirmed plan is totally silent concerning the payment of pre-petition priority claims. Where administrative claims (attorney fees and the trustee's compensation) are concerned, the plan provides:

Administrative Expenses. These shall receive the priority provided in Section 507, Title 11, United States Code. It is contemplated the compensation and expense allowance of the Trustee herein shall be determined in accordance with 11 U.S.C. § 326(b), not to exceed ten percent of the funds paid through the Trustee together

---

**2.** In this case the confirmation hearing was held on May 20, 1987, while the claims bar date did not expire until July 21, 1987. The delay in the entry of the order of confirmation was due to counsel's failure to furnish a confirmation order as directed by the court. See Order of August 31, 1987.

**3.** In this case only one of the three claims entitled to priority was filed prior to the confirmation hearing. This was the claim of the I.R.S. Even here, however, the claim was only an estimated one because the debtor had not filed her tax return for the period in question.

**4.** Even if no objection is filed and the plan confirmed, such a provision may give the creditor a basis upon which to seek revocation of the order of confirmation, see 11 U.S.C. § 1330, thus breeding otherwise unnecessary litigation.

**5.** In this instance, this would have required the court to delay confirmation until December of 1989, because it was not until October 31 of that year that counsel filed an application for attorney fees (he was not required to do so sooner) which, after notice to creditors, was allowed on December 19.

with one percent of the funds paid directly to creditors by the Debtor. Chapter 13 Plan, filed April 13, 1987, p. 1, Class 1. While this statement is certainly a recognition that there may or will be administrative claims in the proceeding, it is something less than the clear commitment contemplated by § 1322(a)(2) that these claims will be paid in full. Furthermore, neither this provision nor any other provision of the plan address the other types of claims, beyond the administrative claims of § 507(a)(1), which are entitled to priority pursuant to § 507(a)(2)–(7). Thus, the plan fails to comply with § 1322(a)(2) and § 1325(a)(1). It seems that part of the debtor's argument is that since the plan does not explicitly provide for the full payment of priority and administrative claims and since those claimants did not object to the absence of such a provision prior to confirmation then, by principles of res judicata, the mandates of § 1322(a)(2) do not apply. The court disagrees.

In this instance, the fact that the court has confirmed a plan which does not and did not comply with the mandatory requirements of the bankruptcy code is not fatal to the Trustee's motion. The plan also contains the following provision:

> Any clause within this Plan that is determined to be unconstitutional, illegal, *or otherwise improper* or against public policy, shall be severed and stricken from the Plan and shall not invalidate or otherwise render void the remainder of the Plan. Chapter 13 plan, filed April 13, 1987, p. 2. ¶ 6. (emphasis added).

To the extent that the plan's provisions concerning administrative expenses may have been intended to be or are to be interpreted to allow the debtor to satisfy her obligations to priority claimants with something less than payment in full, they are clearly improper; the plan would contravene the express commandment of the Bankruptcy Code that such claims shall be paid in full, absent affirmative consent from a creditor to accept something less. Debtor's confirmed plan expressly provides that the offending language shall be stricken.

Doing so renders the plan completely silent concerning the payment of the various claims entitled to priority under § 507. This, however, is a silence that can be overcome by looking to the Bankruptcy Code to supply the missing provisions. The Code provides no options as to how these claims are to be dealt with; absent an agreement to the contrary [6], they must be paid in full. Consequently, Debtor's confirmed plan must be interpreted as providing for the full payment of all priority claims, as required by § 1322(a)(2).[7]

Debtor's confirmed plan is not sufficiently funded to fully pay priority claims in full. This is cause to dismiss the case pursuant to 11 U.S.C. § 1307. The trustee's motion will be granted and the case dismissed. An appropriate order will be entered.

---

**6.** There is no evidence or argument that any of the administrative or priority claimants have agreed to accept something less than payment in full.

**7.** A different interpretation, which would read the plan precisely as written, would be of no benefit to the debtor. Such an interpretation, even if strained to authorize satisfaction of administrative claims through less than payment in full, would leave the plan totally silent concerning the payment of or the means by which the other claims entitled to priority would be satisfied. Consequently, if the court were to sustain the debtor's objection, any Chapter 13 discharge which the court might subsequently issue would not encompass the non-administrative priority claims. A Chapter 13 discharge covers only the "debts provided for by the plan", 11 U.S.C. § 1328(a), and the plan as so interpreted would not provide for the payment of these types of claims. *See In re Glow*, 111 B.R. 209, 220 (Bankr.N.D.Ind.1990) (where plan failed to provide for treatment of secured creditor's lien, the lien is not discharged); *Matter of Ungar*, 104 B.R. 517 (Bankr.N.D.Ga.1989) (where plan failed to treat tax claims and debtors proposed to deal with them outside of plan, the tax claims are not discharged).