**In re Leone SMITH & Gwendolyn M. Smith, Debtors.**

**Bankruptcy No. 97–34231–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Sept. 15, 1997.

date on which this debt arose.

J. Thomas Steger, Chesterfield, VA, for Debtors.

Robert E. Hyman, Richmond, VA, Chapter 13 Trustee.

Gregg R. Nivala, Richmond, VA, Office of United States Trustee.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

The chapter 13 trustee objects to confirmation of the debtors' chapter 13 plan pursuant to 11 U.S.C. § 1322(a)(2) based upon the failure of the plan to provide for full payment of the secured tax claim of the State of Virginia.

Bankruptcy Code § 1322(a)(2) provides that a plan must

provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim;

The debtors' plan contains the following provision:

Debtors' chapter 13 plan proposes to pay 20% of total priority taxes to Virginia Dept. of Taxation. The unpaid priority taxes will not be discharged upon completion of this plan. They will continue to be an obligation of debtors.

Debtors argue that the plan should be confirmed because the State of Virginia has not objected to confirmation and because their plan provides that debtors waive their discharge in bankruptcy as to these taxes.

Although the court is sympathetic to the debtors' position, this plan cannot be confirmed unless the state "consents" to the plan provision as plainly required by § 1322(a)(2). *Matter of Escobedo,* 28 F.3d 34 (7th Cir. 1994). The state's failure to object to confirmation does not satisfy the consent requirement. *See In re Northrup,* 141 B.R. 171 (N.D.Iowa 1991).[1]

Therefore, the court will sustain the trustee's objection to confirmation. However, the court will withhold entering an order denying confirmation for a period of 30 days to allow debtors an opportunity to obtain the requisite consent. Upon the consent being submitted, debtors must also execute a waiver of discharge as required by Code § 1328(a).

---

1. The *Northrup* ruling was distinguished by the bankruptcy court in *In re Facciponte,* 1992 WL 722289 (Bankr.N.D.N.Y.1992) (unpublished opinion), where the chapter 13 plan provided that no payment would be made for New York state priority taxes and further provided that the state's failure to object to confirmation would constitute an agreement to the plan treatment of the taxes. Although the State of New York did not object to confirmation, the chapter 13 trustee did object. The bankruptcy court overruled the objection and confirmed the plan, citing New York law to the effect that acceptance or agreement may be inferred by a party's silence where the party having a duty to speak fails to do so.