**IN the MATTER OF: Elgin Ramoan SMILEY, Sr., Ida Smiley, Debtors**

**CASE NO. 16-10840**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Signed August 10, 2016

Steven J. Glaser, Sarah Wehrwein, Marian C. Welling, Glaser & Ebbs, Fort Wayne, IN, for Debtors.

## DECISION ON CONFIRMATION

Robert E. Grant, Chief Judge, United States Bankruptcy Court

■ This is In re Brown, Case No. 16–10216, 559 B.R. 704, 2016 WL 6440364 (Bankr. N.D. Ind. Aug. 2, 2016), with a twist. The twist is that the residential mortgage holder whose rights the plan proposes to modify—U.S. Bank—objected to confirmation and appeared at the confirmation hearing; but it did not object because the plan improperly modifies its rights. Its only complaint was that "it had not yet filed its proof of claim ... [and] the plan does not indicate the amount of arrearage [it would be] paid." Objection to Confirmation, filed May 19, 2016, ¶¶ 3, 4.[1]

1. Why the Bank thinks the plan must include the amount of its arrearage, or how the debtors are supposed to be able to come up with that amount when the Bank has not filed a claim, is not explained. Given the short timetables associated with filing a plan and confirmation proceedings, see, Brown, Case No. 16-10216, Decision and Order dated August 2, 2016, pgs. 1-2, n. 1, that is an unreasonable expectation. As the court noted at the confirmation hearing, the plan provides that "the allowed arrearage shall be paid through the plan without interest" and that is sufficient to satisfy the requirements of 11 U.S.C. § 1322(b)(5). Although the objection states that the absence of an amount "could potentially affect plan feasibility," that is not an accurate statement of what is required. The requirement for confirmation is that "the debtor will be able to make all the payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(7). The debtors are doing that—§ 1326 requires them to commence making the plan payments within 30 days after filing the plan, in part to provide proof of that ability—and no one has suggested any reason to believe otherwise. The plan is not underfunded on its face. If it turns out to be underfunded after all claims have been filed—something that will not be known until after October 19 when the deadline for filing claims by governmental units expires—the plan can be modified to address the problem, or there will be cause to convert or dismiss the case. See, 11 U.S.C. § 1329; Matter of Escobedo, 169 B.R. 178 (Bankr. N.D. Ind. 1993), aff'd, 1993 WL 725091, 1993 Bankr.

**217**

When queried about the Bank's position concerning a plan provision that appeared to improperly modify its rights, the Bank's counsel advised the court that his client was fully aware of it, does not agree to it, does not consent to it, but does not object to it.

Litigants may waive statutory and even constitutional protections that exist for their benefit and they may impliedly consent to things that might otherwise be objectionable, so long as they do so knowingly and voluntarily. That occurs when they actively participate in the proceeding, knowing their rights, but choose not to assert them. Under such circumstances they are considered to have either waived the unasserted right or to have impliedly consented to the proceeding.[2] See e.g., Wellness Intern. Network Ltd. v. Sharif, — U.S. —, 135 S.Ct. 1932, 1947–49, 191 L.Ed.2d 911 (2015) (litigant may impliedly consent to adjudication in the bankruptcy court); Langenkamp v. Culp, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (creditor voluntarily filing a claim in a bankruptcy has no right to a jury trial); Matter of Hallahan, 936 F.2d 1496, 1505–08 (7th Cir. 1991) (debtor waived any right to jury trial by choosing to file bankruptcy). This is especially so when the litigant is a sophisticated business, represented by counsel who informed it of its rights. Richer v. Morehead, 798 F.3d 487 (7th Cir. 2015).

U.S. Bank has impliedly consented to the plan provision that proposes to modify its rights and so the court need not consider it further. Debtors' proposed plan may be confirmed. An order doing so will be entered.

---

LEXIS 20175 (N.D. Ind. 1993), aff'd, 28 F.3d 34 (7th Cir. 1994).

**2.** Silence is not acceptance. See, In re Brown, Case No. 16-10216, Decision and Order dated August 2, 2016, pg.4, n.3. See also, Home Ins. Co. v. Cooper & Cooper, Ltd., 889 F.2d 746, 750 (7th Cir. 1989) ("silence is not a solid basis for an inference of consent"). It is a party's active participation in the proceeding, without complaint, versus non-participation, that distinguishes implied consent or waiver from unaccepting silence. See, In re Sutton, 470 B.R. 462, 475–76 (Bankr. W.D, Mich. 2012) (defendant did not consent to entry of final judgment by bankruptcy judge by failing to appear and answer complaint).