**In re Donald Lee FERGUSON dba: Sherry's Truck and Auto Repair, fdba: Sherry's Auto & Fleet, Inc., Sharon S. Ferguson, Debtors.**

**Bankruptcy No. 2–82–02715.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Oct. 14, 1982.

Robert H. Farber, Jr., Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, trustee.

### ORDER DENYING CONFIRMATION

THOMAS M. HERBERT, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of the Chapter 13 plan proposed by Donald and Sharon Ferguson, husband and wife. The plan as originally proposed called for a $1,075.00 monthly payment, payment of claims entitled to priority under § 507, and secured claimants in full. A 60% dividend to unsecured claimants was proposed.

On September 1, 1982, the date of the meeting of creditors held pursuant to 11 U.S.C. § 341, the debtors amended their

---

Chapter 13 plan to provide that the claims of Internal Revenue Service and the State of Ohio Department of Taxation, although treated as priority claims for purposes of distribution, were to be paid the same 60% dividend proposed to be paid to all other unsecured claimants. This amendment was apparently necessitated by the requirement that the plan may not provide for payments over a period that is longer than five (5) years. See 11 U.S.C. § 1322(c).

The treatment of claims entitled to priority status under 11 U.S.C. § 507 is set out in 11 U.S.C. § 1322(a)(2) which states:

(a) The plan shall . . .

    (2) provide for the *full* payment, in deferred cash payments of all claims entitled to priority under section 507 of this title, *unless* the holder of a particular claim *agrees* to a different treatment of such claim. . . (Emphasis added).

The Court finds that, although notice was given to the affected claimants, no agreement to the proposed treatment by either the Internal Revenue Service or the Ohio Department of Taxation has been provided. Without express agreement by those claimants, the proposed plan violates the requirements of § 1322(a)(2), and thereby fails to comply with the provisions of Chapter 13 as mandated by the confirmation standard of § 1325(a)(1).

Based upon the foregoing findings, the Court must deny confirmation of this Chapter 13 plan. The debtors shall have ten (10) days from the date of this order to take such other action as may be appropriate in this proceeding.

IT IS SO ORDERED.