In re: Mathew R. DAVIS, Debtor.

No. 06–00377–3P3.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 3, 2006.

Douglas C. Higginbotham, Jacksonville, FL, for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This Case is before the Court upon Bank of New York's ("Creditor") Objection to Confirmation of Debtor's Plan pursuant to 11 U.S.C. Section 1325(a)(5)(B)(iii)(I). After a hearing on April 20, 2006, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. On February 10, 2006, Matthew R. Davis ("Debtor") filed a Chapter 13 petition.

2. Creditor's claim in the amount of $81,777.01, with an arrearage, included in the claim, of $5,744.16, is secured by land and a manufactured home located on the land in the amount of the claim.

3. Debtor's Chapter 13 plan proposes to pay the arrearage owed to the Creditor in the form of unequal periodic payments. Debtor's plan proposes that in order to bring the arrearage on the mortgage payments current, that the Trustee shall pay the Creditor $0.00 per month for months 1–10, and then $122.23 per month for months 11–57.

4. On March 24, 2006, Creditor filed an objection to Confirmation of the Debtor's plan upon the basis that the plan fails to comply with 11 U.S.C. Section

1325(a)(5)(B)(iii)(I) of the Bankruptcy Code.

## CONCLUSIONS OF LAW

On October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) became effective. As Debtor filed his Chapter 13 petition in bankruptcy on February 10, 2006, BAPCPA applies. Creditor objects to confirmation of Debtor's Chapter 13 plan upon the basis that the plan proposes to pay the mortgage arrearage in unequal monthly payments. Creditor asserts that since Debtor's plan deals with its claim in the form of periodic payments, Debtor is required pursuant to 11 U.S.C. Section 1325(a)(5)(B)(iii)(I) to cure the arrearage in equal monthly installments. In opposition to Creditor's argument, Debtor asserts pursuant to 11 U.S.C. Section 1322(b)(5) that it is permissible to cure the arrearage in the manner proposed by his Chapter 13 plan and that 11 U.S.C. Section 1325(a)(5)(B)(iii)(I) is not applicable. Debtor also argues that even if the Court were to find Section 1325(a)(5)(B)(iii)(I) to be applicable, there is no requirement that the equal monthly payments occur in each month of the plan.

BAPCPA significantly amended certain provisions under 11 U.S.C. Section 1325(a)(5)(B). Specifically, Section 1325(a)(5)(B)(iii)(I) imposed additional requirements upon debtors seeking to deal with secured claims. In their "infinite wisdom," Congress wrote "[I]f . . . property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts[.]"[1] 11 U.S.C. Section 1325(a)(5)(B)(iii)(I).

The immediately preceding section, 11 U.S.C. Section 1325(a)(5)(B)(ii), states in pertinent part:

"Except as provided in subsection (b) the court shall confirm a plan if . . . with respect to each allowed secured claim provided for by the plan . . . the plan provides that . . . the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim . . ."

11 U.S.C. § 1325(a)(5)(B)(ii).

In the instant case, Debtor's plan provides that the Trustee shall pay the Creditor $0.00 per month for months 1–10, and $122.23 per month for months 11–57. Debtor argues that since the last payment on Creditor's secured claim is due after the expiration of his Chapter 13 plan, that Section 11 U.S.C. Section 1322(b)(5) is the applicable section to consider. Section 1322(b)(5) states,

"notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due."

11 U.S.C. Section 1322(b)(5)

In examining the interplay between the requirements of Section 1325(a)(5) and Section 1322(b)(5), the Court will begin with a historical analysis of these sections. Prior to the enactment of the Bankruptcy Reform Act of 1994, the Supreme Court

---

1. "It is important to note that this provision refers to the distributions to the holder of the allowed secured claim and not to the debtor's plan payments. As long as the plan provides that the trustee's distributions to the holder of the allowed secured claim be in equal monthly amounts, the debtor's plan payments need not be." *See* 8 *Collier on Bankruptcy* II 1325.06[3][b] (15th ed. rev.2005).

held that Chapter 13 debtors who cure a default on an oversecured mortgage under Section 1322(b)(5) must pay postpetiton interest on the arrearages pursuant to Section 1325(a)(5) of the Code. *Rake v. Wade,* 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993). Specifically the Court in *Rake* stated that, "[t]here is no support for petitioners' claim that Section 1325(a)(5)(B)(ii) applies only to secured claims that have been modified by a Chapter 13 plan and thus does not apply to home mortgages which, under Section 1322(b), are exempt from modification." *Id.* at 2188. The Court also stated that the plain language of the Code refuted petitioners' interpretation of Sections 1322(b) and 1325(a)(5), and that by its very terms Section 1325(a)(5) applies to "each allowed secured claim provided for by the plan." *Id.* at 2192. In reaching this holding, the Court reasoned that, "[p]etitioners' plans clearly 'provided for' respondent's home mortgage claims by establishing repayment schedules for the satisfaction of the arrearages portion of those claims." *Id.* Based upon the above reasoning, the Court concluded that the arrearages, which were part of respondent's home mortgage claim, were "provided for" by the plan, and that the respondent was thus entitled to interest under § 1325(a)(5)(B)(ii). *Id.* at 2193.

Subsequent to the Supreme Court's holding in *Rake,* Congress enacted 11 U.S.C. Section 1322(e), under the Bankruptcy Reform Act of 1994, which states, "Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. Section 1322(e)

Since the enactment of Section 1322(e) courts have consistently recognized that the *Rake* decision was technically overruled, as Section 1322(e) has the effect of overriding Section 1325(a)(5) when arrears on a long term debt are cured. *Telfair v. First Union Mortg. Corp.,* 216 F.3d 1333 (11th Cir.2000); *In re Johnson,* 203 B.R. 775 (Bankr.M.D.Fla.1996).

Based upon the historical analysis of the interplay between Section 1322(b)(5) and Section 1325(a)(5) (under which Section 1325(a)(5)(b)(iii) falls), the Court finds that equal monthly payments are not required as the claim at issue is one in which arrears on long term debt are being cured. Thus, Creditor's claim falls outside the ambit of requirements contained under Section 1325(a)(5). As the Court has found Section 1325(a)(5)(b)(iii) to be inapplicable, there is no need for the Court to reach a determination as to the parameters of what qualifies as "equal monthly payments." However, the Court does note that it finds the footnote on Colliers, contained infra, to be instructive as to this issue.

### CONCLUSION

Based upon the above, Creditor's Objection to Confirmation of Debtor's Chapter 13 Plan is overruled. The Court will enter a separate order that is consistent with these Findings of Fact and Conclusions of Law.