Dennis J. FLYNN and Adele Haratsis
Flynn, Debtors.

Dennis J. Flynn and Adele Haratsis
Flynn, Appellants,

v.

Carolyn Bankowski, Chapter
13 Trustee, Appellee.

BAP No. 08–033.
Bankruptcy No. 07–15470–WCH.

United States Bankruptcy Appellate Panel
of the First Circuit.

March 6, 2009.

Laurel E. Bretta, Esq., on brief for Appellant.

Before CARLO, DEASY, and KORNREICH, United States Bankruptcy Appellate Panel Judges.

PER CURIAM.

Dennis and Adele Flynn (the "Debtors") appeal from the bankruptcy court's order denying confirmation of their chapter 13 plan on the grounds that a balloon payment provision contained therein violated 11 U.S.C. § 1325(a)(5)(B)(iii)(I)[1] (the "Order Denying Confirmation") and from the court's subsequent order granting in part the Debtors' motion for clarification and extension of time to comply with the Order Denying Confirmation (the "Order") (together, the "Orders"). Because we conclude that the bankruptcy court did not consider whether the secured creditor consented to the plan for purposes of § 1325(a)(5)(A), we **VACATE** the Orders and **REMAND** this matter to the bankruptcy court for further proceedings consistent with this opinion.

## BACKGROUND

The Debtors filed a petition under chapter 13 on August 30, 2007. The first § 341 meeting of creditors was scheduled for October 17, 2007. On December 17, 2007, the Debtors filed their amended chapter 13 plan ("the chapter 13 plan") through which they proposed to pay Deutsche Bank National Trust Co., as trustee (the "Mortgagee"), for the arrearage on their first mortgage loan and the Town of Holliston (the "Town") for real estate taxes, water and sewer fees the aggregate sum of $38,673.61. The Debtors also proposed to pay priority administrative expenses of $2,000.00, a trustee's commission in the amount of $7,017.00 and distributions on unsecured claims in the amount of $22,476.00, for total payments of $70,166.00. The chapter 13 plan payments were to consist of fifty-nine monthly payments in the amount of $550.00 and a final monthly payment in the amount of $37,716.00. Under the chapter 13 plan, the Debtors were to make the regular monthly mortgage payment directly to the servicer for the Mortgagee. The last regular payment on the mortgage loan was due well beyond the completion date of the chapter 13 plan. The Debtors proposed to satisfy the final lump sum payment through a loan from their retirement accounts.

Immediately under the Debtors' signatures on the last page of the chapter 13 plan, the following language appeared:

### NOTICE

THIS PLAN CONTAINS EVIDENTIARY MATTER WHICH, IF NOT

---

1. Unless otherwise indicated, all statutory references are to Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8 ("BAPCPA"), and all references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

CONTROVERTED, MAY BE AC-CEPTED BY THE COURT AS TRUE. CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE § 1324, AND LOCAL RULES. ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATION AND AL-LEGATIONS CONTAINED HEREIN.

The certificate of service indicates that the chapter 13 plan was served on the servicer for the Mortgagee and the Town on December 17, 2007. The appellate record does not reflect that either the Mortgagee or the Town were served with the required notice of the deadline for filing objections to confirmation of the chapter 13 plan or the hearing on confirmation. *See* Fed. R. Bank. P. 2002(b)(2). In the appellate record, it appears that the chapter 13 trustee (the "Trustee") filed and served on the servicer for the Mortgagee, but not the Town, a proposed order confirming the chapter 13 plan and a summary of disbursements to be made under the chapter 13 plan (the "Summary") on January 9, 2008. The Summary stated the Mortgagee and the Town would be paid their prepetition arrearage over the sixty months, but did not specify that such payments would not be in equal monthly amounts.

The docket reflects that no party objected to confirmation of the chapter 13 plan. In response to the Trustee's proposed order confirming the chapter 13 plan, and without a hearing, the bankruptcy court

issued the Order Denying Confirmation on February 13, 2008. Without further elaboration, the bankruptcy court denied confirmation on the grounds that the chapter 13 plan "does not comply with the provisions of 11 U.S.C. § 1325(a)(5)(B)(iii)(I)," and ordered the Debtors to file an amended plan.

The Debtors filed a motion (the "Motion for Clarification") seeking clarification of the court's reason for denying confirmation and an extension of time to file an amended plan. In the Motion for Clarification, the Debtors stated that they have no debt secured by personal or real property which would be affected by the chapter 13 plan, other than to cure arrears, and therefore they could not ascertain how it violated § 1325(a)(5)(B)(iii)(I). The bankruptcy court issued the Order, which granted in part the Debtors' request for clarification, accompanied by a Memorandum of Decision in which the court discussed its reasons for denying confirmation in both this case and the *Melillo* case.[2]

In the Memorandum of Decision, the court explained that under § 1325(a)(5)(B)(iii)(I), a plan providing for periodic payments to a secured creditor must provide those payments in equal amounts from the time they begin until the time they end, thereby precluding a balloon payment subsequent to commencement of the periodic payments because the balloon payment would be unequal to the preceding payments. The bankruptcy court rejected the rationale of *In re Davis*, 343 B.R. 326, 328 (Bankr.M.D.Fla.2006), in which the Bankruptcy Court for the Mid-

---

2. There is some inconsistency between the order and the memorandum of decision. In the order, the bankruptcy court stated that "the Court grants in part the Debtors' Motion for Clarification and Extension of Time to Comply with [the Order Denying Confirmation]." In the Memorandum of Decision, the court construed the Motion for Clarification as a motion for reconsideration, and stated

that it would enter orders denying reconsideration in both this case and the *Melillo* case. At the end of the memorandum of decision, the court returned to its earlier characterization of the motion, stating that it would grant in part the Motion for Clarification to the extent that the Memorandum of Decision provided clarification of the Order Denying Confirmation.

dle District of Florida held that § 1322(e) overrides § 1325(a)(5) when arrears on a long term debt are cured under § 1322(b)(5) and that the equal payment provision of § 1325(a)(5)(B)(iii)(I) is thus inapplicable to the payment of arrears on a long term debt. The bankruptcy court reasoned that while § 1322(e) supercedes § 1325(a)(5)(B)(ii) with respect to the amount necessary to cure a default, there is nothing in that provision to suggest that it renders § 1325(a)(5) completely inapplicable when debtors cure arrears on a long term debt through their plan.

Further, the bankruptcy court explained that the denial of confirmation was premised upon the exercise of what it called its "affirmative duty" to ensure that a plan complies with the provisions of the Bankruptcy Code. Citing its own opinion in another case,[3] the bankruptcy court also ruled that the failure of secured parties to object could not be taken as their acceptance of a plan because they were entitled to "a reasonable expectation that I will not approve treatment which violates the Bankruptcy Code."

## JURISDICTION

■■■ A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R.

643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). An order denying confirmation of a chapter 13 plan is interlocutory where the debtor may propose another plan. *Watson v. Boyajian (In re Watson),* 309 B.R. 652, 659 (1st Cir. BAP 2004), *aff'd,* 403 F.3d 1 (1st Cir.2005). An order denying reconsideration is interlocutory if the underlying order is interlocutory. *Eresian v. Koza (In re Koza),* 375 B.R. 711, 716 (1st Cir. BAP 2007). Here, the Orders are interlocutory as the Debtors were free to propose another plan. The Debtors sought leave to appeal both orders because they saw the balloon payment issue to be an unsettled, controlling question of law. *See In re Davis,* 343 B.R. at 328 (holding that § 1322(e) overrides § 1325(a)(5)(B)(iii)(I) when the concern is the cure of an arrearage under § 1322(b)(5)). They also expressed an inability to offer a plan without a balloon payment. Leave to appeal both orders was granted.[4]

## STANDARD OF REVIEW

■■■ There are no disputed facts in this appeal. We review the question of whether the bankruptcy court erred in denying confirmation of the chapter 13 plan because it contained a balloon payment provision *de novo,* as it is a question of statutory construction. *Stornawaye Fin. Corp. v. Hill (In re Hill),* 387 B.R. 339, 345

---

**3.** *See In re Bethoney,* 384 B.R. 24, 34 (Bankr. D.Mass.2008).

**4.** Leave to appeal the interlocutory orders was given under 28 U.S.C. § 158(a)(3) which provides no guidance for the exercise of our discretion. To fill the vacuum, we have adopted the criteria that a district court would apply when considering whether to certify or grant an interlocutory appeal under 28 U.S.C. § 1292(b). *See, e.g., Fleet Data*

*Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 652 (1st Cir. BAP 1998). Those criteria include "whether (1) the 'order involves a controlling question of law' (2) 'as to which there is substantial ground for difference of opinion,' and (3) whether 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Id.*

(1st Cir. BAP 2008). However, in taking the appeal, we do not limit our review to the controlling question of law raised by the Debtors. *See Yamaha Motor Corp., U.S.A. v. Calhoun,* 516 U.S. 199, 205, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996) (it is the order that is appealable, not the controlling question).

## DISCUSSION

■■ After taking permissive jurisdiction of this case, we decided the controlling question in another case. A cure proposal with a final balloon payment will not satisfy the equal monthly amounts requirement of § 1325(a)(5)(B)(iii)(I). *See Hamilton v. Wells Fargo Bank, N.A. (In re Hamilton),* BAP No. MB 08–046. In reaching that decision, we also held that compliance with the payment requirements of § 1325(a)(5)(B) was only one of three ways in which a debtor may obtain confirmation of a plan with respect to a secured creditor. The other two are acceptance of the plan by an affected secured creditor under § 1325(a)(5)(A) or the surrender of collateral under § 1325(a)(5)(C). *See id.* The presence of any one of the three will support confirmation. *Id.; see also* 11 U.S.C. § 1325(a)(5).[5]

■ Here, the Debtors did not surrender the property in question. But, as suggested by the Debtors, acceptance by the secured creditors may have been present. If so, confirmation would have been appropriate because acceptance is one of the three co-equal ways of obtaining confirmation with respect to a secured creditor. *Id.*

The bankruptcy court reasoned that it could not construe the creditors' lack of objection to the chapter 13 plan as consent to the balloon payment because it has an affirmative duty to review a chapter 13 plan and ensure it complies with the provisions of the Bankruptcy Code.[6] In doing

---

5. Section 1325(a)(5) provides:
 [W]ith respect to each allowed secured claim provided for by the plan—
 (A) the holder of such claim has accepted the plan;
 (B)(i) the plan provides that—
 (I) the holder of such claim retain the lien securing such claim until the earlier of—
 (aa) the payment of the underlying debt determined under nonbankruptcy law; or
 (bb) discharge under section 1328; and
 (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law; and
 (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
 (iii) if—
 (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
 (II) the holder of the claim is secured by personal property, the amount of such pay-

ments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
 (C) the debtor surrenders the property securing such claim to such holder.
 11 U.S.C. § 1325(a)(5).

6. An independent or affirmative duty to ensure plan compliance has been applied by several bankruptcy courts of this circuit and elsewhere. *See, e.g., In re Bethoney,* 384 B.R. at 34; *In re Quiles,* 262 B.R. 191, 195 (Bankr. D.R.I.2001) ("Notwithstanding the absence of any objection to confirmation, the Court has an independent duty to determine that the plan meets all Code requirements."); *In re Thibodeau,* 248 B.R. 699, 705 (Bankr.D.Mass. 2000) (explaining court had independent duty to verify plan complied with applicable statute); *In re Conner,* 242 B.R. 794, 797 (Bankr. D.N.H.1999) ("[T]he Court has the independent right and duty to review a proposed Chapter 13 plan for compliance with the Code."). The existence of such a duty has not been questioned by the parties to this appeal and a determination of whether such a duty exists in the absence of an objection by a

so, the bankruptcy court correctly found that the chapter 13 plan did not satisfy the requirements of § 1325(a)(5)(B). If the holder of the secured claim had expressly accepted the chapter 13 plan, the debtor would have satisfied § 1325(a)(5)(A), and the court could not deny confirmation based on its conclusion that the chapter 13 plan's balloon payments violate § 1325(a)(5)(B) because one of the three alternatives under § 1325(a)(5) would have been satisfied. Thus, the issue in this case is whether a secured creditor's lack of objection to confirmation of a chapter 13 plan may be deemed to be an acceptance for purposes of § 1325(a)(5)(A).

The Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the Bankruptcy Court for the District of Massachusetts are silent as to what constitutes a secured claim holder's acceptance of a chapter 13 plan for purposes of § 1325(a)(5)(A).[7] However, the courts that have considered the question have overwhelmingly concluded that a secured creditor's lack of objection may constitute acceptance of the plan for purposes of § 1325(a)(5)(A).[8] *See In re Szostek,* 886 F.2d 1405, 1412–13 (3d Cir.1989);[9] *In re Tonioli,* 359 B.R. 814, 817–18 (Bankr. D.Utah 2007); *In re Schultz,* 363 B.R. 902, 907 (Bankr.E.D.Wis.2007); *In re Wallace,* 2007 WL 3531551 (Bankr.M.D.N.C. Nov.12, 2007), 8 *Collier on Bankruptcy* ¶ 1325.06[c][2] (15th ed. rev.2008); 5 Keith M. Lundin, *Chapter 13 Bankruptcy* § 445.1 (3d ed.2000 & Supp.2004); *see also*

*In re Gray,* 2008 WL 5068849 (Bankr. D.P.R. Nov. 25, 2008) (denying confirmation of chapter 13 plan where balloon payment violated § 1325(a)(5)(B)(iii)(I) and secured creditor had objected, expressly declining to adopt proposition that confirmation may be denied absent objection); *In re Espinoza,* 2008 WL 2954282, at *2–3 (Bankr.D.Utah Aug. 1, 2008) (denying confirmation of chapter 13 plan because balloon payment violated § 1325(a)(5)(B)(iii)(I) and secured creditor objected to plan); *but cf. In re Montoya,* 341 B.R. 41, 46 (Bankr.D.Utah 2006); *In re Ferguson,* 27 B.R. 672, 673 (Bankr. S.D.Ohio 1982).

 In chapter 13 proceedings there is a mechanism by which secured creditors may object to a plan. *See In re Vankell,* 311 B.R. 205, 210 (Bankr. E.D.Tenn.2004) (citing 11 U.S.C. § 1324). However, no such mechanism exists by which they may accept a plan. *See In re Montoya,* 341 B.R. at 45 (denying confirmation despite no secured creditor objection because plan violated hanging paragraph of § 1325(a)). Unlike chapter 11, chapter 13 has no balloting mechanism by which secured creditors may evidence acceptance of a plan. *Id.* It is, therefore, "only the negative—a filed objection—that evidences the lack of acceptance." *Id.* For this reason, when a creditor is properly noticed of the provisions in a chapter 13 plan and takes no timely action, i.e., files no objection, "the judicial doctrine of 'im-

---

party to any specific provision of the Bankruptcy Code is not necessary to the Panel's decision in this appeal.

**7.** Of note, at least one district has resolved any question on this issue by creating a local rule which provides that "[a]ny claimant who fails to affirmatively reject a plan proposed pursuant to Chapter 13 of the Bankruptcy Code will be deemed to have accepted such

plan." *In re Fitak,* 92 B.R. 243, 253 (Bankr. S.D.Ohio 1988).

**8.** Pre–BAPCPA cases apply as BAPCPA made no changes to § 1325(a)(5)(A). *In re Particka,* 355 B.R. 616, 618 (Bankr.E.D.Mich.2006).

**9.** The policy favoring finality of confirmation orders also factored into the court's decision. *See In re Szostek,* 886 F.2d at 1409.

plied' acceptance fills the drafting gap in the Code." *Id.*

We adopt the Third Circuit's view that acceptance may occur upon a secured creditor's failure to file a timely objection to a chapter 13 plan. *In re Szostek,* 886 F.2d at 1414 ("Otherwise, [the rules], which set a deadline for filing objections to a plan, would have no substance."). As expressed in the leading treatise on chapter 13:

> The deadlines for objecting to confirmation have to mean something, else it is impossible for debtors and trustees to prepare for hearings on confirmation. The creditor that misses a deadline to object has only itself to blame and has no reasonable expectation that the court or any other party will save it from its neglect.

3 Keith M. Lundin, *Chapter 13 Bankruptcy* § 220.1 (3d ed.2000 & Supp.2004) (hereinafter "Lundin"). A secured creditor's failure to object under the applicable federal and local rules will create a presumption of acceptance under § 1325(a)(5)(A) upon a showing of adequate notice under the applicable rules in the circumstances of a given case. *See* 5 Lundin § 445.1 ("Failure to object leaves the silent lienholder bound by confirmation so long as notice is adequate. . . .").

 Implied consent requires, however, that the secured claim holder has received both proper and adequate notice and proper and adequate service. Proper and adequate notice is a highly factual inquiry and necessarily depends on the language in the plan and the context of the case. Indeed, " '[t]he very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation.' " *Lujan v. G & G Fire Sprinklers, Inc.,* 532 U.S. 189, 196, 121 S.Ct. 1446, 149 L.Ed.2d 391 (2001); *see generally Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). At a minimum, due process requires that a proper and adequate notice contain a clear, open, and explicit statement of a secured creditor's treatment in a chapter 13 plan before the creditor's failure to object will be deemed implied acceptance. *See, e.g., Factors Funding Co. v. Fili (In re Fili),* 257 B.R. 370, 372 (1st Cir. BAP 2001) (finding notice adequate where plan clearly and unequivocally disclaimed liability to the secured creditor and stated the secured claim would be discharged); *In re Davis,* 2008 WL 4935946, at *3–4 (Bankr.D.Md. Nov. 12, 2008) (finding due process was met where language in plan was "clearly, openly and emphatically stated" in bold print and where each creditor was named along with the amount of the claim to be paid, the equal monthly installment for each payment, the duration of monthly installments, and the specific interest rate); *Regional Acceptance Corp. v. Williams (In re Williams),* 2007 WL 128891, at *5 (Bankr. M.D.N.C. Jan. 12, 2007) ("It is not unduly burdensome to require a debtor to clearly convey information sufficient to provide a creditor with meaningful notice.").[10] As a general rule, most courts agree that an

---

**10.** *See also In re Friedman,* 184 B.R. 890 (N.D.N.Y.1995) (secured creditor failed to receive proper notice of its treatment in confirmed plan where creditor's claim was not identified with sufficient specificity); *In re Rheaume,* 296 B.R. 313, 321 (Bankr.D.Vt. 2003) ("While creditors are certainly under an obligation to read plans and to assert their objections in a timely fashion if they oppose the relief sought in the plan, it is equally true that the relief being sought must be articulated clearly and, particularly if it is unusual relief, conspicuously set forth in the text-that is to say, not 'buried' among boilerplate provisions.") (citations omitted); 5 Lundin § 445.1 ("Debtors are always best positioned to argue that silence means acceptance *when notice is robust and unambiguous.*") (emphasis added).

order confirming a chapter 13 plan is given preclusive effect and is not subject to collateral attack, but only where the notice of the plan is satisfactory under the circumstances and does not deny due process. *See, e.g., Brawders v. County of Ventura (In re Brawders),* 503 F.3d 856, 867 (9th Cir.2007); *In re Hanson,* 397 F.3d 482, 486 (7th Cir.2005); *Banks v. Sallie Mae Servicing Corp. (In re Banks),* 299 F.3d 296, 302 (4th Cir.2002). As such, due process sets a floor on what will pass constitutional muster.[11]

■ Here, the bankruptcy court failed to consider whether the Mortgagee received proper and adequate notice and proper and adequate service. The record reflects that the chapter 13 plan contained a conspicuous notice that it could be confirmed in the absence of any objection. The Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts provide that "[a]ny objection to confirmation of a chapter 13 plan shall be filed no later than the later of (i) thirty (30) days after the first date set for the section 341 meeting or (ii) thirty (30) days after service of a modified plan, unless otherwise ordered by the Court." MLBR 13–8(a). The Local Bankruptcy Rules also provide that "[w]here no objection to confirmation of a chapter 13 plan is filed within the time limits established by paragraph 13–8(a) of this order, the Court may enter an order confirming the plan without a hearing." MLBR 13–11. In this case, the Debtors filed the chapter 13 plan after the first date set for the § 341 meeting, thus creditors had thirty days after service to file objections. The chapter 13 plan was served on December 17, 2007, and no objections were filed. The Federal Rules of Bankruptcy Procedure require that the debtor, trustee and all creditors receive not less than 25 days notice by mail of the time fixed for filing objections and the hearing to consider confirmation of a chapter 13 plan. Fed. R. Bankr.P. 2002(b)(2).[12]

We conclude that the appellate record does not allow us to determine whether notice and service were proper and adequate in this case; such determination, therefore, requires a factual finding by the bankruptcy court. If the Mortgagee failed to timely object to confirmation after receiving adequate and proper notice and adequate and proper service, then it is deemed to have impliedly accepted the chapter 13 plan for purposes of § 1325(a)(5)(A), and the failure to comply with the provisions of § 1325(a)(5)(B) would not be grounds to deny confirmation. Accordingly, we **VACATE** the Orders and **REMAND** this matter to the bankruptcy court for further proceedings consistent with this opinion. The discre-

---

11. We observe that some federal courts of appeal have noted that chapter 13 plans do not require specific notice of a plan provision's effect on a particular creditor because Rule 2002(b) only requires a summary of the plan and not the actual plan itself. *See Educ. Credit Mgmt. Corp. v. Mersmann,* 505 F.3d 1033, 1043 (10th Cir.2007); *In re Banks,* 299 F.3d at 301. But regardless of what the Bankruptcy Rules allow, they may not be used to circumvent constitutional due process requirements. Notification procedures set forth in rules "neither trump nor displace the constitutional requirement that ... [the] notice [be] sufficient to satisfy the demands of due process ..." *United States v. One Star Class Sloop Sailboat,* 458 F.3d 16, 22 (1st Cir.2006). And even where the Bankruptcy Rules only require a summary of the plan and not the actual plan itself, that does not give a debtor a free pass to write purposely ambiguous plans (or summaries) in the hopes of trapping creditors.

12. We do not suggest that MLBR 13–8(a) is inconsistent with Bankruptcy Rule 2002(b)(2), only that the record is inadequate for us to determine whether the service requirements were met.

tion to allow further plan amendments shall rest with the bankruptcy court.