**In re Joyce MAYBERRY, Debtor.**

No. 11–43613.

United States Bankruptcy Court,
D. Massachusetts,
Central Division.

Jan. 11, 2013.

Robert W. Kovacs, Jr., Law Office of Robert W. Kovacs, Jr., Worcester, MA, for Debtor.

### *MEMORANDUM OF DECISION*

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court is the "Motion of Chapter 13 Trustee to Dismiss Case" (the "Motion to Dismiss") seeking dismissal of the Chapter 13 case filed by Joyce Mayberry (the "Debtor") under § 1307(c)(1) on the grounds that the Debtor's unconfirmed Chapter 13 plan fails to properly account for all claims filed in the case, thereby

creating an unreasonable delay prejudicial to creditors. For the reasons set forth herein, the Court will deny the Motion to Dismiss.

## I. *FACTS AND POSITIONS OF THE PARTIES*

On August 26, 2011, the Debtor filed her voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"),[1] and on September 19, 2011, she filed her proposed Chapter 13 Plan (the "Plan") along with required financial schedules and statements (the "Schedules"). In the Schedules, she disclosed a fee simple interest in her home located in Sturbridge, Massachusetts (the "Residence"), encumbered by a mortgage held by Wells Fargo Home Mortgage ("Wells Fargo"). The mortgage, according to the Debtor, secures a loan whose balance is listed as $143,607.

It is undisputed that the Debtor owes approximately $29,000 in prepetition arrears to Wells Fargo. However, in the Chapter 13 Plan, the Debtor proposes to pay nothing to Wells Fargo on account of those arrears. Instead, the Plan states that the "Debtor is currently paying this claim $600 per month directly . . . based on a projected home loan modification agreed to pay [sic] the parties," and that these monthly payments "should be considered principle [sic] and interest payments and/or adequate protection payments." Plan ¶ II.B., Sept. 19, 2011, ECF No. 16. According to the Debtor, she is presently seeking a modification of the mortgage loan that will, at the least, add the prepetition arrearage to the principal loan amount. On August 31, 2011, counsel

for Wells Fargo filed its notice of appearance in the case.

The Chapter 13 trustee (the "Trustee") has filed the instant Motion to Dismiss the Debtor's case on the grounds that the Debtor's Plan failed to adequately address Wells Fargo's prepetition arrears. First, relying on this Court's holding in *In re Euliano*, 442 B.R. 177 (Bankr.D.Mass. 2010), the Trustee maintains that the failure of the Debtor to provide for those arrears in the Plan is an unreasonable delay prejudicial to creditors and, accordingly, grounds for dismissal under § 1307(c)(1). Second, the Trustee maintains that the Debtor is attempting to unilaterally modify Wells Fargo's claim in contravention of § 1322(b)(2). Third, to the extent the Debtor is attempting to remain in her Residence for the life of the Plan without payment of the prepetition arrears, the Trustee says that such an intention is not consistent with the "good faith" required by §§ 1325(a)(3) and (7). And, finally, the Trustee raises a policy argument, contending that, in the event the mortgage loan is not modified, the Debtor will exit the case facing the outstanding prepetition arrears and a likely foreclosure. It is, according to the Trustee, "antithetical to the concept of the Debtor's fresh start to saddle her with debt after the discharge." *T'ee Brief* 4, Oct. 5, 2012, ECF No. 37.

The Debtor responds by noting that Wells Fargo has not timely objected to the Plan, and thus has assented to the Debtor's treatment of its claim. For this reason, according to the Debtor, the antimodification provisions of § 1322(b)(2) do not apply. The Debtor argues that the Trustee has demonstrated neither prejudice to Wells Fargo or other creditors nor

---

**1.** *See* 11 U.S.C. § 101 *et seq.* All references to statutory sections are to the Bankruptcy Code unless otherwise specified.

any unreasonable delay under § 1307(c)(1), as the Debtor is current on both her Plan payments and monthly adequate protection payments to Wells Fargo. Accordingly, the Debtor contends that the case should not be dismissed.

## II. *DISCUSSION*

■ Section 1307(c)(1) provides that a Chapter 13 case may be dismissed "for cause, including ... unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1). In *Euliano,* this Court held that, where a debtor elects, pursuant to § 1322(b)(5) [2], to cure prepetition arrears on a long-term debt and maintain postpetition payments due under the parties' original agreement, the failure of the debtor to account for the full amount of the prepetition arrears over the life of the Chapter 13 plan constitutes an "unreasonable and prejudicial delay" under § 1307(c)(1). 442 B.R. at 187–88. Essential to this Court's holding in *Euliano* was § 1322(b)(5)'s requirement that any cure of a prepetition default under that section be made within a reasonable time, "but 'cannot exceed the statutory limitation of 60 months in a reorganization plan.'" *Id.* at 187 (quoting *Sapos v. Provident Inst. of Sav.,* 967 F.2d 918, 928 (3d Cir.1992)).

The Trustee's reliance on *Euliano* in this case, however, is misplaced. Here, the Debtor is not proposing to cure prepetition arrears and maintain monthly payments on her mortgage loan pursuant to § 1322(b)(5). Instead, the Debtor intends to deal with the mortgage loan by entering into a loan modification agreement with Wells Fargo. Wells Fargo has not objected to its treatment under the plan. Accordingly, pursuant to § 1325(a)(5)(A), the Plan may be confirmed, because Wells Fargo, the holder of a secured claim has, by failing to object, consented to its treatment under the Plan.[3] *See Flynn v. Bankowski (In re Flynn),* 402 B.R. 437, 443–44 (1st Cir. BAP 2009) ("acceptance may occur upon a secured creditor's failure to file a timely objection to a chapter 13 plan") (collecting cases).

■ And because Wells Fargo has not objected to its treatment under the Plan, the Trustee's arguments based on § 1322(b)(2) are similarly unpersuasive. As the court in *In re Wofford,* 449 B.R. 362, 364, 365 (Bankr.W.D.Wis.2011) explained,

> Under 11 U.S.C. § 1322(b)(2), a chapter 13 plan may not modify the rights of the holder of a secured claim which is "secured only by a security interest in real property that is the debtor's principal residence." ... But the fact that a debtor cannot propose a plan which modifies the bank's claim does not mean that the parties cannot agree to new terms. *See* 11 U.S.C. § 1325(a)(5)(A) . . .
>
> [A]bsent the creditor's agreement the debtor cannot obtain confirmation of a chapter 13 plan which proposes to modify a claim secured by the debtor's principal residence. If the creditor opts to agree to different treatment, it is certainly free to do so.

11 U.S.C. § 1322(b)(5).

---

**2.** Section 1322(b)(5) states that a Chapter 13 plan may

> provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured or secured claim on which the last payment is due after the date on which the final payment under the plan is due....

**3.** Section 1325(a)(5) mandates the allowable treatment of secured claims necessary to achieve confirmation of a Chapter 13 plan. It provides a plan may be confirmed if the holder of an allowed secured claim "has accepted the plan." 11 U.S.C. § 1325(a)(5)(A).

*In re Wofford,* 449 B.R. 362, 364, 365 (Bankr.W.D.Wis.2011) (additional citations omitted); *see also In re Wilcox,* 438 B.R. 428, 430–31 (Bankr.D.Colo.2010); *In re Smith,* 409 B.R. 1,4–5 (Bankr.D.N.H.2009).

█ The Debtor here has created no delay prejudicial to creditors or demonstrated a lack of good faith. Wells Fargo has not objected to the Debtor's treatment of its claim, and has not complained of the delay caused by the apparently protracted loan modification process (a problem perhaps of its own making). And, as the Debtor is current on her Plan payments, the remaining creditors entitled to distribution under the Plan will begin receiving distributions upon confirmation, a scenario in which they will likely be better off than if the case were dismissed.

As for the possibility that the loan modification will be denied and the Debtor left facing the outstanding prepetition arrears and possible foreclosure during or shortly after the conclusion of this case, the Court finds that a decision predicated on that possibility would be premature, and the Court does not understand why dismissal of the case would leave the Debtor in a more favorable position. Should the Debtor fail to reach an agreement with Wells Fargo as anticipated by the Plan, either the Debtor or the Trustee are free to bring such motions as they deem appropriate, to be dealt with by the Court in context at that time.

## III. *CONCLUSION*

Wells Fargo has accepted its treatment under the Debtor's Chapter 13 Plan— namely, that the Debtor intends to negotiate a loan modification with Wells Fargo to deal with the claim secured by her Residence. Accordingly, for this reason, and for the reasons discussed herein, the Debtor has not created an unreasonable delay prejudicial to creditors within the meaning of § 1307(c)(1), and the Trustee's Motion to Dismiss will be DENIED.

An order in conformity with this Memorandum shall issue forthwith.