# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1553
_____

Katherine Belcastro-Gonzalez,

*Plaintiff - Appellee*,

v.

City of Omaha; Todd Schmaderer, Chief of Police of the Omaha Police
Department, in his official Capacity,

*Defendants - Appellants*,

Jean Stothert, Mayor of the City of Omaha; Tim Young, Former Human Relations
Director for the City of Omaha, in his official and individual capacity,

*Defendants*.
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 16, 2023
Filed: March 11, 2024
_____

Before COLLOTON,[1] BENTON, and SHEPHERD, Circuit Judges.
_____

[1]Judge Colloton became chief judge of the circuit on March 11, 2024. *See* 28
U.S.C. § 45(a)(1).

COLLOTON, Circuit Judge.

Katherine Belcastro-Gonzalez sued the city of Omaha and the chief of police of the Omaha Police Department, alleging retaliation in violation of Title VII of the Civil Rights Act. The case proceeded to trial, and a jury found in favor of Belcastro-Gonzalez. The district court[2] awarded attorney's fees to Belcastro-Gonzalez and entered judgment. The defendants appeal, and we affirm.

I.

Belcastro-Gonzalez was a police officer for the city of Omaha. In July 2010, she filed a complaint with the police department alleging sexual harassment by a coworker. In 2017, Belcastro-Gonzalez learned that her complaint was not properly investigated. On that basis, she submitted a new complaint to the mayor's office alleging that the City improperly investigated her previous complaint. The City's human resources director investigated and issued a report in September 2017. The report explained that the investigation did not prove or disprove Belcastro-Gonzalez's allegations and that no further action would be taken.

In March 2018, Belcastro-Gonzalez filed a charge of discrimination with the Nebraska Equal Opportunity Commission. She claimed, among other things, that the police department denied her application for the position of acting deputy chief because she had complained about sex discrimination.

Belcastro-Gonzalez applied for two more deputy chief positions later in 2018. She ranked first out of eight candidates based on training, experience, and performance in a simulation exercise. The police chief, however, did not select

[2]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

-2-

Belcastro-Gonzalez for either position and instead chose the candidates who ranked second and fifth. Belcastro-Gonzalez brought a second charge of discrimination with the Nebraska Equal Opportunity Commission and received a notice of her right to sue.

Belcastro-Gonzalez then brought this action alleging that the City retaliated against her for the protected activity of filing discrimination complaints. The district court denied the City's motion for summary judgment, and the case proceeded to trial. A jury found in favor of Belcastro-Gonzalez and assessed $700,000 in damages. The court denied the City's motion for judgment as a matter of law and awarded attorney's fees to Belcastro-Gonzalez.

II.

The City's first argument seeks reversal of the district court's order denying the City's motion for summary judgment. A district court's order denying summary judgment, however, is not reviewable after a trial on the merits. *Eaddy v. Yancey*, 317 F.3d 914, 916 (8th Cir. 2003). An unsuccessful movant must present the issues in a post-trial motion for judgment as a matter of law and appeal from any denial of that motion. *Dahlin v. Lyondell Chem. Co.*, 881 F.3d 599, 602-03 (8th Cir. 2018).

After Belcastro-Gonzalez filed her appellee's brief, the City moved to amend its opening brief to restate the issue on appeal as a challenge to the district court's order denying a motion for judgment as a matter of law. The substance of the opening brief, however, challenges the denial of the City's motion for summary judgment. The motion to recast the appeal comes too late. A change in course at this point would require a new round of briefing by both parties after the case has been fully briefed. We deny the motion to amend and reject the City's challenge to the pre-trial order denying a motion for summary judgment.

The City next argues that the district court erred in admitting evidence from proceedings before the Nebraska Employment Opportunity Commission. We review the court's ruling for abuse of discretion. *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 643 (8th Cir. 2022).

During proceedings before the Commission, the City submitted a document that gave reasons for declining to promote Belcastro-Gonzalez. The City moved *in limine* to exclude that evidence at trial. The district court decided that evidence relating to the Commission's proceedings is generally inadmissible, but that some aspects of the proceeding could be admissible to rebut the City's contention, or for impeachment purposes. The court reserved ruling on admissibility in this case.

At trial, the court admitted evidence that discussed the police chief's response to the Commission on behalf of the City. When the police chief advanced reasons at trial that were not presented to the Commission, Belcastro-Gonzalez argued that the City's new justifications for declining a promotion were not credible. The court did not preclude the City from offering its entire set of reasons for the promotion decision or from explaining why certain reasons may not have been presented to the Commission. The court did not abuse its discretion in allowing evidence of the City's potential inconsistency as a ground for impeachment of the police chief's explanation at trial.

The City also challenges the amount of the attorney's fees award to Belcastro-Gonzalez. Under 42 U.S.C. § 2000e-5(k), a court may award the prevailing party reasonable attorney's fees. We review the amount of fees awarded for abuse of discretion. *Id.* at 649.

The City maintains that plaintiff's counsel charged an unreasonable hourly rate, spent too much time on the case, and overbilled for certain tasks. The district court, however, permissibly concluded based on familiarity with rates in the area and

counsel's experience that the hourly rates were reasonable. *See Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014). The court found that the number of hours expended was reasonable for a case that "involved several thorny evidentiary issues," as well as "extensive motion practice, discovery, and trial where the defendant mounted a vigorous defense." We conclude that the court's determination was within the range of its discretion. After examining the timesheets, the court found that the tasks were identified with sufficient specificity and were appropriate uses of time by lawyers, paralegals, and law clerks. While it is debatable whether the plaintiff's legal team proceeded with maximum efficiency, we are not convinced that the district court abused its discretion by deeming the billing reasonable.

The City also contends that fees incurred during the administrative proceedings should not be included in the award. But because the work performed during the administrative proceedings was both useful and of a type ordinarily necessary to pursue a retaliation claim under Title VII, the court properly included those fees. *Bobbitt v. Paramount Cap Mfg. Co.*, 942 F.2d 512, 514 (8th Cir. 1991).

The judgment of the district court is affirmed.

_____